**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:25CV-P177-JHM**

STEVEN RUSSO, JR.                                              PLAINTIFF

v.

TYLER FORD *et al.*                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Steven Russo, Jr., filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some claims and allow other claims to proceed.

**I. SUMMARY OF ALLEGATIONS**

Plaintiff is a pretrial detainee at Hopkins County Jail (HCJ). He sues HCJ and the following HCJ personnel: Corporal Tyler Ford, Deputy Eddie Shelton, also known as Xavier Shelton, and Jailer Mike Lewis. He sues the individually named Defendants in their official and individual capacities.

Plaintiff alleges that on September 1, 2025, his Eighth Amendment rights were violated when he "was tazed while fully restrained in a restraint chair." He states that Defendant Ford "administered a 'drive stun' to my body while I was fully restrained in a restraint chair. Because my arms, legs, and head were fully restrained, the force Tyler Ford used was excessive and cruel and unusual."

Plaintiff further maintains that Defendant Shelton "failed to intervene and was negligent in his duty when while I was fully restrained he observed Corporal Tyler Ford administer a 'drive stun' from his tazer and failed to protect me from an assault and cruel and unusual punishment."

Plaintiff also asserts the following:

> Jailer Mike Lewis who is the overseer and decision maker of Hopkins County Jail has failed to act and address the issue of excessive force being used by the employees at Hopkins County Jail.  Corporal Ford has been involved in other excessive force incidents in this jail that are currently in the district courts.  Jailer Lewis has shown deliberate indifference by allowing employees to continue to work at Hopkins County Jail having knowledge that they are using unnecessary and excessive force subjecting me to cruel and unusual punishment.

As relief, Plaintiff seeks compensatory damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S.

2

519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Official-capacity claims and claim against HCJ

"Official capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Ford, Shelton, and Lewis are actually brought against their employer, Hopkins County. Moreover, HCJ is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Hopkins County is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

Neither a municipality nor a county may be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal or county policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the

3

municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that he was subjected to excessive force as a result of a policy or custom implemented or endorsed by Hopkins County. Because the complaint fails to establish a basis of liability against Hopkins County, the official-capacity claims and claim against HCJ must be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-capacity claims

### 1. Defendants Ford and Shelton

Plaintiff alleges claims under the Eighth Amendment. A pretrial detainee is protected from cruel and unusual punishment under the Due Process Clause of the Fourteenth Amendment while the Eighth Amendment is the source of protection for convicted inmates. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). Because Plaintiff was a pretrial detainee at the time of the alleged events, his claims are brought under the Fourteenth Amendment, and the claims under the Eighth Amendment must be dismissed for failure to state a claim upon which relief may be granted.

Upon review, the Court will allow Plaintiff's claim for excessive force in violation of the Fourteenth Amendment to proceed against Defendant Ford in his individual capacity and will allow Plaintiff's claims for failure to protect in violation of the Fourteenth Amendment and negligence to proceed against Defendant Shelton in his individual capacity. In allowing the claims to proceed, the Court passes no judgment on their ultimate merit or outcome.

## *2. Defendant Lewis*

With regard to Plaintiff's claim against HCJ Jailer Lewis, to state a claim under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Upon review of Plaintiff's allegations, the Court finds that Plaintiff has not alleged that Defendant Lewis was personally involved in the excessive force incident. Plaintiff's allegations are based on Defendant Lewis's failure to act, which is not sufficient to state a claim. Therefore,

5

Plaintiff's individual-capacity claim against Defendant Lewis will be dismissed for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's official-capacity claims, his claim against Defendant HCJ, his Eighth Amendment claim, and his individual-capacity claim against Defendant Lewis are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because no claims remain against them, the **Clerk of Court** is **DIRECTED** to **terminate Defendants HCJ and Lewis as parties to this action**.

The Court will enter a separate Service and Scheduling Order to govern the development of the claims the Court has allowed to proceed.

Date:    April 16, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
       Defendants Ford and Shelton
       Hopkins County Attorney
4414.010

6